


The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY, OKLAHOMA

Darlene Hibben,
Plaintiff,
v.
State Of Oklahoma ex. rel Department of Veteran Affairs,
aka Claremore Veteran's Center, a political subdivision and municipality and
Tim Potteiger, individually and in his individual capacity,
Defendants.

**No. CJ-2016-37**
**(Civil relief more than $10,000: WRONGFUL TERMINATION)**

Filed: 01/26/2016

Judge: Condren, Sheila A.

# PARTIES

Hibben, Darlene, Plaintiff
Potteiger, Tim, Defendant
State Of Oklahoma ex. rel Department of Veteran Affairs, Defendant

# ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| McHugh, Brendan M (Bar #18422)<br>P.O. Box 1392<br>Claremore, OK 74018 | Hibben, Darlene |

# EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.




**Issue # 1.** Issue: WRONGFUL TERMINATION (TERMINATE)
Filed By: Hibben, Darlene

Filed Date: 01/26/2016

| Party Name | Disposition Information |
|---|---|
| | Pending. |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 01-26-2016 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING.<br>Document Available at Court Clerk's Office | 1 | | |
| 01-26-2016 | TERMINATE | WRONGFUL TERMINATION | | | |
| 01-26-2016 | DMFE | DISPUTE MEDIATION FEE | | | $ 2.0 |
| 01-26-2016 | PFE1 | PETITION<br>Document Available (#1032228570) TIFF PDF | | | $ 163.0 |
| 01-26-2016 | PFE7 | LAW LIBRARY FEE | | | $ 6.0 |
| 01-26-2016 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.0 |
| 01-26-2016 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.5 |
| 01-26-2016 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.0 |
| 01-26-2016 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 01-26-2016 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 01-26-2016 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.1 |
| 01-26-2016 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.4 |
| 01-26-2016 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.5 |
| 01-26-2016 | LTF | LENGTHY TRIAL FUND | | | $ 10.0 |
| 01-26-2016 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.0 |
| 01-26-2016 | SMIP | SUMMONS ISSUED - PRIVATE PROCESS SERVER(2) | | | |
| 01-26-2016 | EAA | ENTRY OF APPEARANCE<br>Document Available (#1032228571) TIFF PDF | | | |
| 01-26-2016 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CONDREN, SHEILA A. TO THIS CASE. | | | |
| 01-26-2016 | ACCOUNT | RECEIPT # 2016-483168 ON 01/26/2016.<br>PAYOR:BRENDAN MCHUGH TOTAL AMOUNT PAID: $223.66.<br>LINE ITEMS:<br>CJ-2016-37: $173.00 ON AC01 CLERK FEES.<br>CJ-2016-37: $6.00 ON AC23 LAW LIBRARY FEE.<br>CJ-2016-37: $0.66 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2016-37: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2016-37: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2016-37: $2.00 ON AC64 DISPUTE MEDIATION FEES. | | | |

PENGAD-Bayonne, N.J.
DEFENDANT'S EXHIBIT
1
Page 2 of 3

CJ-2016-37: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2016-37: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2016-37: $10.00 ON AC81 LENGTHY TRIAL FUND.

)2-08-2016 RET RETURN OF SERVICE (TIM POTTEIGER BY PPS ON 2-4-2014)
Document Available (#1032377734) TIFF PDF

PENGAD-Bayonne, N. J.
DEFENDANT'S EXHIBIT
1
Page 3 of 3

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

JAN 26 2016

KIM HENRY, COURT CLERK

DEPUTY

**IN THE DISTRICT COURT OF ROGERS COUNTY
STATE OF OKLAHOMA**

DARLENE HIBBEN,
Plaintiff,

v.

STATE OF OKLAHOMA *ex. rel*
DEPARTMENT OF VETERAN
AFFAIRS a/k/a
CLAREMORE VETERANS CENTER,
a political subdivision and municipality and
TIM POTTEIGER, individually and in his
individual capacity,
Defendants.

Case No. CJ-2016- 37

**PETITION**

The Plaintiff Darlene Hibben (Plaintiff) hereby submits her Petition against Defendants Oklahoma Department of Veterans Affairs and Tim Potteiger. In support thereof, Plaintiff alleges and states as follows:

1. Plaintiff is an individual who resides in Rogers County, Oklahoma.

2. Defendant Potteiger (Potteiger) is the Administrator of the Claremore facility of the Defendant Oklahoma Department of Veterans Affairs known as Claremore Veteran's Center.

3. Defendant Oklahoma Department of Veteran Affairs (ODVA) is an agency of the State of Oklahoma and has numerous centers providing long term care to veterans, including a center in Claremore, Oklahoma, known as Claremore Veteran's Center.

4. That Plaintiff is a former employee of Defendant ODVA being employed at Claremore Veteran's Center.

5. That Defendant ODVA was a qualified employer under the Family and Medical Leave Act of 1993, 29 U.S.C., § 2601-2654 (FMLA <u>et. seq.</u>).



6. That Defendant Potteiger is a qualified employer under the FMLA pursuant to 29 U.S.C. § 2611(4)(A) and applicable law. Moreover, Defendant Potteiger is a qualified employer pursuant to case law within this District. See Kiefner v. Sullivan, No. 13-CV-714-TCK-FHM (N.D.Okla. May 27, 2014) (opinion and order).

7. That Plaintiff was a qualified employee under the FMLA.

8. This action was previously *filed and dismissed* by Order of the Court on January 30, 2015. Therefore, Plaintiff's claims are timely. Further, Plaintiff's FMLA claims are timely because such claims, *inter alia,* allege willful violations.

**COUNT I - FMLA – RETALIATION AND INTEREFERNCE (AS TO DEFENDANT POTTEIGER)**

9. In support of Count I, Plaintiff restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.

10. In January of 2013, specifically on January 8, 2013, Plaintiff applied for and was approved intermittent leave as a result of a serious health condition that she was undergoing for mental health issues.

11. Defendant Potteiger interfered with and retaliated against Plaintiff for availing herself of her rights under the FMLA and other legal rights by engaging in the *following acts:* Upon Plaintiff's return to work on January 14, 2013, she was called to the Administrator's office for an alleged meeting. Plaintiff wanted to have a witness with her at the meeting. Defendant Potteiger yelled at Plaintiff threatening her with her job, and he accused her of having a bad attitude, not being a team player and questioning her about who her Supervisor was and prohibited her from bringing a witness.

12. Further, at this January 14, 2013 meeting, Defendant Potteiger derisively and maliciously asked Plaintiff if Senator Simpson was her supervisor, in clear reference to Plaintiff speaking out in a town hall meeting hosted by Oklahoma State Senator Frank





Simpson concerning the deplorable conditions at the Claremore Veteran's Center. Senator Simpson is the Chairman of the Oklahoma State Senate Veterans and Military Affairs Committee and was investigating the conditions of Veterans Affairs (VA) nursing homes in Oklahoma, including in Claremore, Oklahoma. Senator Simpson was at the meeting because of a lawsuit involving allegations of neglect and abuse against the Claremore Veteran's Center and because of an ongoing investigation generally into the conditions as a result of this incident.

13. Further, because of this harassment, Plaintiff had to go home that day and she required additional medical and mental health treatment, including hospitalization as a result of this conduct. Pursuant to her health provider's orders, Plaintiff was not allowed to work in her position as a result of the emotional distress that this incident caused to Plaintiff.

14. Further, Plaintiff was interfered with and retaliated against on or about July 3, 2013 for taking FMLA when she was informed by letter she would no longer be receiving donated time, and she was told by Jerry Novel of Defendant Center's Human Resources Department, she would not be allowed to return to work with any light duty or restrictions pursuant to Defendant Potteiger.

15. Further, Plaintiff was interfered with and retaliated against for taking FMLA when Plaintiff was admonished for and restricted from visiting a dear friend of hers who resided at the Claremore Veterans Center, ostensibly because it was prohibited by policy, although numerous other workers were allowed to visit residents.

16. Further, Plaintiff was interfered with and retaliated against for taking FMLA when Plaintiff's husband (who worked at the Claremore Veterans Center and is himself a disabled veteran with hearing loss that is service connected) was admonished





for talking too loud when his actions were clearly the result of his hearing loss. Defendant was keenly aware of her husband's hearing condition, and Defendant had a problem with Plaintiff's husband *only after* Plaintiff asserted her rights to FMLA.

17. Further, Plaintiff's office was cleaned out while she was still medically off work and not yet terminated by Defendant – again in retaliation for asserting her rights in taking FMLA.

18. Further, Plaintiff was interfered with and retaliated against for taking FMLA when Defendant Potteiger attempted to keep Plaintiff from receiving her early retirement by undercounting Plaintiff's time in service calculation. This calculation of in service is usually determined by employee's retirement department. However, the Claremore Veterans' Center by Defendant Potteiger interfered with this determination and attempted to determine this issue. Plaintiff was eventually awarded her retirement. The conduct by Defendants Potteiger resulted in a constructive discharge and/or termination of Plaintiff as well as the creation of a clear hostile and abusive working environment.

19. That Plaintiff's availment of her rights was a significant motivating factor in Defendant's conduct.

20. That Defendant Potteiger has acted maliciously and willfully and as such liquidated damages should be assessed against him.

21. Defendant Potteiger acted directly or indirectly in the interest of the Defendant ODVA.

**COUNT II - 42 U.S.C. § 1983-FREE SPEECH RETALIATION, FREEDOM OF ASSOCIATION (AS TO DEFENDANT POTTEIGER)**

22. In support of Count II, *Plaintiff* restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.





23. Plaintiff additionally and alternatively participated in a town hall meeting where the conditions in the Claremore facility were discussed. Plaintiff was vocal and spoke out to Senator Frank Simpson at this meeting in December of 2012.

24. That Plaintiff has a constitutional right of freedom of speech and association as guaranteed by the First Amendment of the United States Constitution, and as such, public officials are forbidden from discharging or threatening to discharge employees for and from retaliating against them based on this right.

25. That Defendant Potteiger violated Plaintiff's First Amendment rights by confronting Plaintiff about her participation in the town hall meeting. Additionally, Defendant Potteiger violated Plaintiff's First Amendment rights by terminating her and/or effecting a constructive discharge and a hostile work environment combined with adverse actions set forth above in retaliation for her political views and beliefs in violation of 42 U.S.C. § 1983.

26. That Plaintiff's speech was protected by the First Amendment in that it involved a matter of public concern. Further, her speech was non-disruptive and did not impede or interfere with the agency's ability to perform its functions nor was it within her job functions.

27. That Plaintiff sustained an adverse employment action as a result of her protected speech in that she was terminated by Defendant Potteiger, and that a significant motivating factor was her expression of her political speech and as such, the termination of Plaintiff was in contravention of her First Amendment rights in violation of 42 U.S.C. § 1983. Plaintiff's speech was not part of her job duties.

28. That the conduct at issue herein was taken under color of law, and Defendant Potteiger has violated clearly established law.





**COUNT III- OKLAHOMA CONSTITUTION (AS TO DEFENDANT ODVA)**

29. In support of Count III, Plaintiff restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.

30. Additionally and/or alternatively, the conduct of Defendant ODVA violates Article 2 § 22 of the Oklahoma Constitution, and Plaintiff's termination is in contravention of the public policy of the State of Oklahoma in that Plaintiff's exercise of her free speech as recognized by the Oklahoma Constitution was a significant motivating factor in Plaintiff's termination.

**COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO DEFENDANT POTTEIGER)**

31. In support of Count IV, Plaintiff restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.

32. Additionally and/or alternatively, Defendant Potteiger acted outrageously and engaged in intentional infliction of emotional distress by engaging in the conducting above or directing such conduct, disregarding Plaintiff's legal rights, and he was fully aware that Plaintiff was diagnosed with a mental health disorder, including major depressive disorder, and that his treatment towards her would exacerbate her condition.

**COUNT V-MALICOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP (AS TO DEFENDANT POTTEIGER)**

33. In support of Count V, Plaintiff restates and re-alleges the foregoing allegations in their entirety as though fully set forth herein.

34. Plaintiff availed herself of her rights as set forth above. Defendant Potteiger attempted to dissuade Plaintiff from exercising her rights, as well as terminating Plaintiff while still under medical care.





35. Defendant Potteiger was the supervisor who fired Plaintiff and interfered with her contractual relationship by terminating her and/or effecting a constructive discharge. Such interference was neither justifiable nor excusable.

36. As a result of Defendant Potteiger's conduct, Plaintiff sustained actual damages in excess of $75,000.00.

37. Defendant Potteiger has acted with reckless disregard of the rights of Plaintiff, and has acted intentionally with malice, and as such punitive damages should be assessed against him.

WHEREFORE, Plaintiff asserts her claims individually against Defendant Potteiger for intentional infliction of emotional distress, violations of FMLA, violations of 42 U.S.C § 1983, and malicious interference with contractual relationship, and against Defendant ODVA for violations of Oklahoma free speech. Plaintiff respectfully requests an award of actual damages in excess of $10,000.00 against all Defendants, an award of punitive damages in excess of $10,000.00 against Defendant Potteiger, the costs of this action, a reasonable amount of attorney fees, pre and post judgment interest and any other and further relief this Court deems proper.

B. M. McHugh

Brendan M. McHugh, OBA #18422
Attorney for Plaintiff
P.O. Box 1392
Claremore, OK 74018
(918) 608-0111
Fax: (918) 803-4910
and
Dana Jim, Attorney at Law
P.O. Box 1011
Vinita, OK 74301
918-457-6626 (tele)
918-517-3431 (fax)
danajimlaw@gmail.com
Co-Counsel for Plaintiff



JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED





**IN THE DISTRICT COURT OF ROGERS COUNTY**
**STATE OF OKLAHOMA**

DARLENE HIBBEN,
Plaintiff,

v.

STATE OF OKLAHOMA *ex. rel*
DEPARTMENT OF VETERAN
AFFAIRS a/k/a
CLAREMORE VETERANS CENTER,
a political subdivision and municipality
and
TIM POTTEIGER, individually and in his
individual capacity,

Case No. CJ-2016-37

**To:** State of Oklahoma *ex. rel.* Department of Veteran's Affairs

**To the above- named Defendant:**

You have been sued by the above-named Plaintiff and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of action.

Issued this 26 day of January 2016.

**KIM HENRY, DISTRICT COURT CLERK**

By [signature]

Deputy
(Seal)

Attorney for Plaintiff
Name: BRENDAN M. MCHUGH
Address: P.O Box 1392
CLAREMORE, OK 74018
Telephone: (918) 608-0111

[signature]
Attorney for Plaintiff

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

PENGAD-Bayonne, N. J.
DEFENDANT'S EXHIBIT
3
Page 1 of 2

**IN THE DISTRICT COURT OF ROGERS COUNTY**
**STATE OF OKLAHOMA**

DARLENE HIBBEN,
Plaintiff,

v.

STATE OF OKLAHOMA *ex. rel* DEPARTMENT OF VETERAN AFFAIRS a/k/a CLAREMORE VETERANS CENTER, a political subdivision and municipality and TIM POTTEIGER, individually and in his individual capacity,

Case No. CJ-2016-37

**To:** Tim Potteiger

**To the above- named Defendant:**

You have been sued by the above-named Plaintiff and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of action.

Issued this 26 day of Jan 2016.

**KIM HENRY, DISTRICT COURT CLERK**

By [signature]

Deputy
(Seal)

Attorney for Plaintiff
Name: BRENDAN M. MCHUGH
Address: P.O Box 1392
CLAREMORE, OK 74018
Telephone: (918) 608-0111

[signature]
Attorney for Plaintiff

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

PENGAD-Bayonne, N. J.
DEFENDANT'S EXHIBIT
3
Page 2 of 2

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

JAN 26 2016

KIM HENRY, COURT CLERK
DEPUTY

**IN THE DISTRICT COURT OF ROGERS COUNTY**
**STATE OF OKLAHOMA**

DARLENE HIBBEN, )
Plaintiff, )
) Case No. CJ-2016-37
v. )
)
STATE OF OKLAHOMA *ex. rel* )
DEPARTMENT OF VETERAN )
AFFAIRS a/k/a )
CLAREMORE VETERANS CENTER, )
a political subdivision and municipality )
and )
TIM POTTEIGER, individually and in his )
individual capacity, )
Defendants. )

**ENTRY OF APPEARANCE**

COMES NOW Brendan M. McHugh and hereby enters his appearance as attorney of record in the above captioned matter for the Plaintiff.

Brendan M. McHugh, OBA #18422
Attorney for Defendant
P.O. Box 1392
Claremore, OK 74018
(918) 608-0111
Fax: (918) 803-4910
Email:brendan@lawinok.com

DEFENDANT'S EXHIBIT
4
Page 1 of 1

PENGAD-Bayonne, N. J.

**Assured Process Service**
12324 E 86th Street # 171 • Owasso. Oklahoma 74055
Office (918) 935-6219 • Fax (918) 272-1219

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA
FEB 09 2016
KIM HENRY, COURT CLERK

**RETURN OF SERVICE**

**CLIENT ( Darlene Hibben ) CASE NO. CJ-2016-037 STATE OKLAHOMA COUNTY of ROGERS**

**DOCUMENTS SERVED:**

( 1 ) Summons CASE NO. **CJ-2016-037**
( 2 ) Petition CASE NO. **CJ-2016-037**

**I, the undersigned, duly sworn and under oath, certify that on the 4rd day of February 2016, I received the foregoing and served the same according to law in the following manner:**

**PERSONAL SERVICE:**

**Personally & Directly to Mr. Tim Potteiger**
**@ The Department of Veterans Affairs**
**3001 W. Blue Starr Drive ( Claremore ) , Ok**

**Date: 02-04-2014 Time: @ 8:44 AM**

USUAL PLACE OF RESIDENCE:
by leaving a copy of said process for ______
at ______
with ______, an occupant of the residence fifteen (15) years of age or older
Date:______ Time:______

CORPORATION / PARTNERSHIP / FINANCIAL INSTITUTION:
by delivering a copy of said process to / for ______
at ______ by serving ______
he/she being the ______ of said entity.
Date:______ Time: ______

POSTED SERVICE:
after attempting personal service by knocking on the door, and receiving no response, at the premises described on the affidavit/petition as ______
which is in possession of the defendant(s) ______
Date: ______ Time: ______

SERVICE BY CERTIFIED MAIL:
by mailing a copy of said process to ______ by certified mail restricted delivery, return receipt requested, at ______
Date: ______ Time: ______

NO SERVICE:
said process was not served on ______

______

Edward Scott
License Number -- PSL-2014-20
Private Process Server

Subscribed and sworn to before me on this 4th day of Feb, 2016.

______ My Commission Expires: 5-20-2017
Notary Public

DEFENDANT'S EXHIBIT 5
Page 1 of 1